Opinion of the court delivered by
Judge Haywood.
This cause has been very ably and elaborately argued, and the decision would have been far more difficult, but for the pains taken at the bar in the production of authorities, the examination of their principles, and the metho-dised and lucid presentation of every part of the subject which required consideration. If every case were investigated with the same accuracy, embarrassment would be greatly dimininished, and the chance for the intervention of mistake, would be much circumscribed.
The action is founded on the assumption, that the conveyance made by Bennet to Holt was a mortgage, and . that the profits of the land conveyed belonged to the *8 mortgagor, and must be accounted for to him. This consequence will not follow, if that conveyance be a conditional sale, to be defeated by payment of five hundred dollars and interest at a certain prefixed day. The legal consequence of its being the one or the other of these instruments, is not disputed; but the difficulty is to determine into which class this conveyance falls. If the intent was to lend money and to secure the payment thereof, then it is a mortgage, and whether it was so or not is generally discoverable from certain symptoms. Is there a striking disparity in value, between the property conveyed and the money advanced? It is then probably intended as a security. Is there no price fixed? It is then probably not a sale, but a security only; for had a sale been contemplated, the price would have been agreed on. Is there a covenant for re-paying the money? If so it is most probably a mortgage; for re-payment is incompatible with a sale and an absolute receipt of money for it. Doe^ possession remain with the maker of the conveyance? This circumstance repels the idea of a sale; for the vendee in case of a sale would take possession. But if the price be settled, and there be not any great disparity between the money advanced and the thing conveyed, if the receiver of the money be not bound to repay it, and there is no covenant to that effect, and if possession is delivered to the vendee, then it is a sale, and being liable to be defeated by paying a certain sum on a certain day, it is a conditional sale. In the latter case, the property passes to the vendee, and remains in him until defeated by the payment; and until such payment made, he enjoys all the advantages of an owner, and is entitled to the usufruct. If he were a mortgagee, he would not be owner; he would only have a pledge or security for a debt — he would not be entitled to the profits proceeding from the use of the thing pledged; he could only make it subserve the purpose of raising his principal and interest; no part of the surplus would belong to him but to the mortgagor. Let us try, by the aid of these signs, to distinguish the species of convey- *9 anee to which the one before us is to be referred. Here is no obligation in Bennet to re-pay the money on the day appointed. He cannot be sued for it, but is to advance it at his own will and pleasure. The price is fixed — five hundred dollars paid down and five hundred dollars in notes. He may compel the payment of these notes (if not delivered,) if he chooses not to defeat the sale; — they torna a part of the purchase money never to be returned, unless he desires a re-conveyance, at or before the stipulated time mentioned in the covenant. Can this be a loan of money to Bennet? Has this the feature of a mortgage? Immediately upon the execution of the deed, the vendee takes possession without any objection on the part of Bennet. He is to clear and improve the land, as owners do in general, fot which he is never to be paid by Bennet, but in the event of his defeating the sale at the day ¡specified, and then he is to be indemnified, and not otherwise. Why indemnify him only in the event specified? because in all others the work is done for himself, upon his own estate, and not for the benefit of Bennet. This then is a conditional sale, defeasible by the performance of a certain condition, on a certain day, which, if not then performed, expires, and leaves the sale uncondi*-tional and absolute. The profits belong to the vendee as owner in the mean time, and never can be reclaimed by the vendor. This goes to the subversion of the plaintiff’s right, and renders it unnecessary to enquire whether the remedy he has pursued be a proper one or not.
'But it is said, that on the day stipulated, Bennet having paid the money, the vendee re-conveyed, and this, it is said, carried the crop then growing,as well as the land., If this be so, (which it is unnecessary now to decide,) and the defendant took the crop, trespass is the proper remedy. The present action is, however, founded upon the supposition, that the crop belonged to the defendant. He is charged only for the use of the land which produced the crop — the removal of the crop by the defendant is not complained of. The judgment must be reversed.
Judgment reversed.